# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MUAWIA A. HALABI and ZAKIA A. HALABI, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 17 C 3766 |
| IMAD OMAR REEMAWI, AYAT TALEB REEMAWI, and JASMIN LEVIN, | ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Muawia Halabi and Zakia Halabi sued Imad Reemawi, Ayat Reemawi, and Jasmin Levin for defamation in state court. The Reemawis removed the case to federal court based on diversity of citizenship (Levin had not been served at that point). They have moved to dismiss for lack of personal jurisdiction and for failure to state a claim based on the statute of limitations. Neither of these motions is a close call.

The Halabis live in Illinois, and the Reemawis live in Louisiana. They have not physically come to Illinois. But their alleged defamatory comments targeted Illinois citizens. In the words of the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984), their "intentional, and allegedly tortious, actions were expressly aimed at" Illinois. *Id.* At 789. They are claimed to have written statements "that they knew would have a potentially devastating impact" on the Halabis, and "they knew that the brunt of that injury would be felt by [plaintiffs] in the State in which [they] live[ ] and work[ ] . . . ." *Id.*

at 790.  In fact, one of the alleged defamatory statements, which is attached to the Halabis' complaint, specifically references a purported "Illinois arrest" of Zakia Halabi.  This, along with the other evidence submitted, is enough to establish *prima facie* that the Reemawis expressly aimed their actions at Illinois citizens, knowing that the brunt of any injury would be felt in this state.  The actions of the defendants "connect[ ] [them] to the forum in a meaningful way"; the defendants "formed a contact" with Illinois by their alleged defamation of persons whom they were aware were Illinois residents.  *Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014).  The fact that the defendants' alleged audience may have also included others outside Illinois is beside the point.  The Court does not adjudicate at this point, of course, whether the alleged statements actually were defamatory, but there is no question that an Illinois court has personal jurisdiction over the Reemawis.

The Reemawis also argue that the Halabis' claim is time-barred.  Under Illinois law, an action for defamation "shall be commenced within one year next after the cause of action accrued," 735 ILCS 5/13-201, and the claim likely accrued when the Halabis knew or should have known of the existence of the defamatory material.  *See Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.*, 61 Ill. 2d 129, 136, 334 N.E.2d 160, 164 (1975).  It appears from the complaint that the plaintiffs became aware of one of the communications in question in September 2014 and the other in April or May 2015 (though this is not altogether clear).  Unless there is a basis for tolling the statute of limitations, the claim likely is time-barred:  the Halabis first named the Reemawis as defendants in April 2017, though the Reemawis, for present purposes, are using the date the Halabis filed a petition for discovery in state court, which was in

December 2016.  The Halabis have sufficiently alleged, however, a basis for application of Illinois' fraudulent concealment statute, 735 ILCS 5/13-215, as well as the doctrine of equitable estoppel—specifically that the Reemawis attempted to conceal their actual identities in making the communications and then, when confronted by the Halabis, specifically denied authorship of the communications.  This is sufficient to defeat the limitations defense for purposes of a Rule 12(b)(6) motion.

## Conclusion

For the reasons stated above, the Court denies defendants' motion to dismiss [dkt. no. 6].  Defendants are directed to answer the complaint by no later than September 7, 2017.  All parties are directed to make Rule 26(a)(1) disclosures by that same date, September 7, 2017.  The case is set for a status hearing on September 18, 2017 at 9:00 a.m., in chambers (Room 2188).  The parties are directed to comply with the undersigned judge's standing initial order, which may be found on his web page.

Date:  August 17, 2017

_____
MATTHEW F. KENNELLY
United States District Judge