UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MUAWIA A. HALABI and ZAKIA A. HALABI, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 17 CV 03766 |
| IMAD OMAR REEMAWI, AYAT TALEB REEMAWI and JASMIN LEVIN, | ) ) ) ) | Judge Matthew F. Kennelly Magistrate Judge Young B. Kim |
| Defendants. | ) | |

## ANSWER OF DEFENDANT WILLIAM RIMAWI TO FIRST AMENDED COMPLAINT

Defendant, Imad Omar Reemawi a/k/a William Rimawi, by his attorneys, for his Answer to the First Amended Complaint of Plaintiffs Muawia A. Halabi and Zakia A. Halabi, states as follows:

1. Plaintiffs bring this action for defamation arising out of the publication of various false statements on the social media website known as Facebook. The Defendants Imad Omar Reemawi a/k/a William Reemawi a/k/a Nana Remawi a/k/a Alaa Tamimi, and Ayat Taleb Reemawi a/k/a Sarah Reemawi a/k/a Um Wesam Aya Rimawi a/k/a Alaa Tamimi, posted these false statements using aliases and false identities under which they created fake Facebook pages and accounts. Defendant and Jasmine Levin posted false and defamatory statements using her own name and identiy [sic].

Answer: Defendant admits the allegation of paragraph 1 that Plaintiffs bring this action claiming defamation, but Defendant denies the remaining allegations of paragraph 1 of Plaintiffs' First Amended Complaint against Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 against Defendant Jasmine Levin.

2. These fake profiles posted on the public Facebook pages known as "Dewan Al Rimawi", which translates as "Group From Rimawi" and is a page for people from the West Bank town of Beit Reema who are members of the Rimawi "clan" or extended family, and "Beit Rima And Its News", which is also a public Facebook page for people from the village of Beit Reema.

<u>Answer</u>: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, excepting that Defendant denies the allegation of paragraph 2 that he used "fake profiles" to post on those Facebook pages.

3. Plaintiffs Muawai A. Halabi and Zakia A. Halabi are husband and wife who are originally from the West Bank village of Rimawi, and are currently, and at all times relevant hereto were, residents of the County of Cook, and the State of Illinois.

<u>Answer</u>: Defendant admits the allegation of paragraph 3 that Plaintiffs are husband and wife, but Defendant denies the remaining allegations of paragraph 3.

4. Defendant Imad Omar Reemawi, who is also known by the westernized name of William Reemawi is, and at all times relevant hereto was, a resident of Houma, Louisiana. Defendant Imad Omar Reemawi is the brother-in-law of Plaintiff Muawi A. Halabi.

<u>Answer</u>: Defendant admits the allegations of paragraph 4.

5. Defendant Ayat Taleb Reemawi who is also knows [sic] by the westernized name of Sarah Reemawi is the wife of Defendant Imad Omar Reemawi, and is, and at all times relevant hereto was, a resident of Houma, Louisiana, Defendant Ayat Taleb Reemawi is the sister of Plaintiffs [sic] Muawai A. Halabi.

<u>Answer</u>: Defendant admits the allegations of paragraph 5.

6. Defendant Jasmine [sic] is a person who lives in Houma, Louisiana and is a friend of Defendants Imad Omar Reemawi and Ayat Taleb Reemawi, who has a Facebook page in her name, and who knowingly posted and re-posted the false statements about the Plaintiffs.

<u>Answer</u>: Defendant admits the allegation of paragraph 6 that Defendant Jasmine Levin has a Facebook page in her name. Defendant denies the allegation of paragraph 6 that Defendant Jasmine Levin is a friend of Defendant and Defendant Sarah Rimawi. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6.

7. The Plaintiffs Muawai A. Halabi and Zakia A. Halabi became involved in a dispute with Imad Reemawi over real property in the Village of El Bireh in the West Bank, They also became involved in a dispute with Imad Reemawi regarding the

transfer of $215,000, in the town of Houma, Louisiana. The Plaintiffs filed a lawsuit against Defendant Imad Reemawi in the law courts of the West Bank regarding the real estate. The Plaintiffs also filed a lawsuit against Imad Reemawi in the courts of Louisiana regarding the $215,000 transfer.

Answer: Defendant admits the allegations of paragraph 7 that Plaintiffs became involved in disputes with Defendant resulting in litigation in the West Bank and the State of Louisiana, but Defendant denies the remaining allegations of paragraph 7.

8. In April and May of 2015, Defendant Imad Omar Reemawi a/k/a William Reemawi, created fake Facebook pages and profiles under the names of Nana Remawi and Alaa Tamimi.

Answer: Defendant denies the allegations of paragraph 8.

8. (Duplicate numbered paragraph) In May of 2015, Defendant Ayat Taleb Reemawi a/k/a Sarah Reemawi also co-created a fake Facebook page and profile under the name of Alaa Tamimi and Um Wesam Aya Rimawi.

Answer: Defendant denies the allegations of duplicate numbered paragraph 8.

9. These fake Facebook pages and profiles falsely state that they are the profiles of "Alaa Tamimi" and "Nana Remawi", who are not real people. These fake profiles have published highly defamatory matter concerning the Petitioners [sic].

Answer: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. The fake profiles of "Alaa Tamimi" and "Nana Remawi" post on a public Facebook page known as "Dewan Al Rimawi", which translates as "Group From Rimawi" and is a page for people from the West Bank town of Beit Reema who are members of the Rimawi "clan" or extended family. They also post on the public Facebook page of "Beit Reema And It's News", which is also a page for people from the West Bank town of Beit Reema,

Answer: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. Plaintiffs were unable to discover the identities of the real persons who were posting the false and defamatory information regarding the Plaintiffs, and therefore filed a Petition under Illinois Supreme Court Rule 224 against Facebook, Inc., for an Order requiring Facebook to disclose information about the profiles of "Alaa Tamimi",

3

"Nana Remawi", and "Um Wesam Aya Rimawi", which would identify the real persons behind the fake profiles.

Answer:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12.  On February 23, 2017, Facebook, Inc., disclosed information which disclosed the identity of the person that created and used the fake Facebook profiles of "Alaa Tamimi", "Nana Remawi" and "Um Wesam Aya Rimawi", and the persons who posted the false and defamatory posts on the Facebook page known as "Dewan Al Rimawi", as Defendant Imad Omar Reemawi and Defendant Ayat Taleb Reemawi. This was the first time that the Plaintiffs were able to discover the actual identities Imad Reemawi and Ayat Reemawi as the persons who were posting the defamatory posts on Facebook.

Answer:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, excepting that Defendant denies the allegation of paragraph 12 that Defendant and Defendant Sarah Rimawi were the persons who posted the allegedly defamatory posts.

13.  On or about September 22, 2014, Ayat Taleb Reemawi, put a public posting on  Facebook page of Um Wesam Aya Rimawi stating that Muawai A. Halabi stole her children's money, was fired from the Transportation Department because of bribery, and that he works as a spy for Israel. She also said that he was involved in embezzlement and fraud. She also put in the same public posting that Zakia A. Halabi was illegally in the United States, was involved in stealing money. The post and an English language translation of the post is attached hereto as "Exhibit A", and the contents of the posting is incorporated herein as if stated verbatim. All of the aforesaid defamatory statements and the defamatory statements in the posting attached hereto as "Exhibit A" are false, and were known to be false by Ayat Taleb Reemawi when she made them.

Answer:  Defendant denies the allegations of paragraph 13.

14.  When questioned by Plaintiffs about the aforesaid "Exhibit A" posting of September 22, 2014, Ayat Taleb Reemawi denied that she created the posting, and instead stated that the posting was created by Um Wesam Aya Rimawi, and that she did not know who that person was. This was false, and was stated by Ayat Taleb Reemawi in order to hide the fact that she was the person who had actually created the aforesaid defamatory posting.

4

Answer: Defendant denies the allegations of paragraph 14, excepting only that Defendant admits the allegation of paragraph 14 that Defendant Sarah Rimawi has at all times denied, and still denies, creating the allegedly defamatory posting.

15. On or about June 17, 2014, Imad Omar Reemawi. and Ayat Taleb Reemawi caused Plaintiff Zakia A. Halabi to be arrested by knowingly and intentionally making false charges of misdemeanor theft against her. Plaintiff Zakia A. Halabi was found to be not guilty of the false charges. However, Imad Omar Reemawi and Ayat Taleb Reemawi continued to use the mug shot of Plaintiff Zakia A. Halabi in their future Facebook postings in order to defame her, even though they knew that she was arrested on false charges that they had brought, and that she was acquitted on the false charges.

Answer: Defendant denies the allegations of paragraph 15.

16. On April 17, 2015, Imad Omar Reemawi, using the false Facebook identity of Nana Rimawi, posted a long defamatory posting about Plaintiff Muawai A. Halabi, on the public Facebook page of "Beit Rima And Its News", which also appeared on the public Facebook page of "Dewan Al Rimawi", wherein he falsely claimed to be the wife of Plaintiff Muawai A. Halabi, and falsely accused him of working as a spy for Israel, and numerous thefts, frauds, corruptions, threats, and perjuries. The post and an English language translation of the post is attached hereto as "Exhibit B", and the contents of the posting is incorporated herein as if stated verbatim. All of the aforesaid defamatory statements and the defamatory statements in the posting attached hereto' as "Exhibit B" are false, and were known to be false by Imad Omar Reemawi when he made them.

Answer: Defendant denies the allegations of paragraph 16.

17. Then, later on April 17, 2015, Imad Omar Reemawi, using the false Facebook identity of Nana Rimawi, added onto the false post of April 17, 2015 referred to in paragraphs fifteen (15) and sixteen (16) above by posting a reply and adding to it the mugshot of Zakia A. Halabi and a forged letter from Verizon, as "proof" that his prior posting was true. He posted the mugshot knowing that it derived from an arrest that he had caused with false accusations of theft, and knowing that Zakia A. Halabi was not guilty of any offense, had been found not guilty of the false charges he had brought against her. The forged Verizon letter is pathetic in that the grammar and content clearly shows that it was not written by Verizon, and that it was written by someone who is not a native speaker of English. A copy of the false posting by Imad Omar Reemawi of the mugshot and forged letter is attached hereto as "Exhibit C", and the contents of the posting is incorporated herein as if stated verbatim.

Answer: Defendant denies the allegations of paragraph 17.

      18.    Imad Omar Reemawi posted the aforesaid letter knowing that it was forged, in order to lend credence to, and support, his prior false and defamatory posting of April 17, 2015.

<u>Answer</u>:  Defendant denies the allegations of paragraph 18.

      19.    On May 30, 2015, Imad Omar Reemawi, using the fake and false Facebook identity of Alaa Tamimi, again posted the mugshot of Plaintiff Zakia A. Halabi, on the public Facebook page of Dewan Al Rimawi, and falsely stated that Plaintiff Zakia A. Halabi had been arrested for theft and prostitution. The posting also falsely states that the Plaintiff Muawai A. Halabi works as a spy for the State of Israel. A copy of this posting, and an English language translation of the post, is attached hereto as "Exhibit D", and the content of the posting is incorporated herein as if stated verbatim. These statements are false and defamatory. When he created and posted this posting Imad Omar Reemawi knew that the allegations were false, that Plaintiff Zakia A, Halabi had not been arrested for prostitution, that he had falsely caused her to be arrested for theft, and that she had been acquitted, and that Plaintiff Muawai A. Halabi did not work as a spy for Israel.

<u>Answer</u>:  Defendant denies the allegations of paragraph 19.

      20.    On December 17, 2016, Defendant Jasmin Levin, using her own Facebook identity, posted on the public Facebook page of Dewan Al Rimawi that Plaintiff Zakia A. Halabi had been imprisoned four (4) times in the United States, and that Plaintiff Muawai A. Halabi is a counterfeiter, thief and works as a spy for Israel. These statements are false and defamatory. When she created and posted this posting Defendant Jasmin Levin knew these defamatory statements were false. A copy of this posting, and an English language translation of the post, is attached hereto as "Exhibit E", and the content of the posting is incorporated herein as if stated verbatim.

<u>Answer</u>:  Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 20.

      21.    The false statements regarding Plaintiff Muawai A. Halabi are particularly heinous because the Plaintiff Muawai A. Halabi is Palestinian, and the false accusation that he works for Israeli Intelligence actually puts his life in jeopardy, It was the actual intent of Defendants Imad Omar Reemawi and Ayat Taleb Reemawi that Plaintiff Muawai A. Halabi be murdered when they knowingly made the false statement that he worked as an spy for Israel.

<u>Answer</u>:  Defendant denies the allegations of paragraph 21.

      22.    The Plaintiffs Muawia A. Halabi and Zakia A. Halabi have suffered and continue to suffer extreme emotional distress and the loss of their good reputation and good name as a direct result of the false and defamatory public Facebook postings by

Defendants Imad Omar Reemawi, Ayat Taleb Reemawi and Jasmine Levin. This extreme emotional distress, and loss of their good name and reputation, has continued every day since the first posting on September 22, 2014, and still continues to this day. Only a substantial monetary award in favor of Plaintiffs Muawia A, Halabi and Zakia A. Halabi and against Defendants Imad Omar Reemawi, Ayat Taleb Reemawi and Jasmine Levin Will compensate them for the horrific actions of the said Defendants.

Answer: Defendant denies the allegations of paragraph 22.

23. Further, the intentional actions of the Defendants Imad Omar Reemawi, Ayat Taleb Reemawi and Jasmine Levin, which they intended to cause the murder of the Plaintiffs, require a large award of punitive damages.

Answer: Defendant denies the allegations of paragraph 23.

WHEREFORE, Defendant Imad Omar Reemawi a/k/a William Rimawi denies that Plaintiffs Muawia A. Halabi and Zakia A. Halabi are entitled to judgment against him in any amount whatsoever, and Defendant prays for the entry of judgment in his favor, and against Plaintiffs, together with his costs of this action.

Defenses

1. Plaintiffs' First Amended Complaint fails to state a cause of action against Defendant.

2. Defendant, a citizen of the State of Louisiana, is not subject to specific personal jurisdiction over him in this District Court.

3. Plaintiffs' claim of defamation against Defendant is barred by the one-year Illinois statute of limitations applicable to that claim.

4. Plaintiffs' First Amended Complaint fails to join as necessary parties to this action Nana Remawi, Alaa Tamimi, Um Wesam Aya Rimawi, and such other persons who created and posted to Facebook the allegedly defamatory postings referenced in the complaint.

7

WHEREFORE, Defendant Imad Omar Reemawi a/k/a William Rimawi denies that Plaintiffs Muawia A. Halabi and Zakia A. Halabi are entitled to judgment against him in any amount whatsoever, and Defendant prays for the entry of judgment in his favor, and against Plaintiffs, together with his costs of this action.

Dated: September 7, 2017                    IMAD OMAR REEMAWI a/k/a
                                            WILLIAM RIMAWI


                                            By:  s/ Mitchell H. Frazen
                                                 Mitchell H. Frazen
                                                 LITCHFIELD CAVO LLP
                                                 His Attorneys

Mitchell H. Frazen
ARDC No. 3127119
Jeannine S. Gilleran
ARDC No. 6217488
LITCHFIELD CAVO LLP
303 West Madison Street, Suite 300
Chicago, Illinois 60606-3300
(312) 781-6618, -6554
frazen@litchfieldcavo.com
gilleran@litchfieldcavo.com